# UNITED STATES DISTRICT COURT
for the



**CLERK'S OFFICE**
**A TRUE COPY**
Nov 17, 2020
s/ Daryl Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Records and information for the cellular telephones assigned call numbers (414) 841-5054 and (414) 234-6824 that is stored at premises controlled by Sprint, more fully described in Attachment A.

Case No. 20 MJ 237

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, U.S.C. § 924(c) | Use of a firearm during a crime of violence |
| Title 18, U.S.C. § 924(g)(1) | Felon in possession of a firearm |
| Title 18, U.S.C. § 2119(2) | Carjacking |

The application is based on these facts:
See Attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Paul G. Kozelek - ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: November 17, 2020

*Judge's signature*

City and state: Milwaukee, WI

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Paul G. Kozelek, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephones assigned call numbers (414)841-5054 and (414)234-6824, (the "Target Cell Phones"), whose service provider is Sprint Spectrum ("Service Provider") a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas, 66251. The Target Cell Phones are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI. My duties included patrol, drafting and executing search warrants and subpoenas, and investigations related to state and county criminal violations.

3. Previous to my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and United States Marine Corps Reserve from 2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the billet of Platoon Commander.

4. I received my bachelor's degree in Criminal Justice Administration from Viterbo University. La Crosse, WI in 2016.

5. The facts in this affidavit come from my personal observations, my training and experience, my review of documents relevant to this case, and information obtained from other

agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 924(c) (use of a firearm during the commission of a crime of violence), 18 U.S.C § 922 (g)(1) (felon in possession of a firearm), and 18 U.S.C. § 2119 (2) (carjacking) have been committed by Legerald BOYD (M/B DOB 3/9/1998) and Rashawn D. BOYD (M/B DOB 10/11/1995). There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

7. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8. The United States of America, including Paul G. Kozelek, is conducting a criminal investigation regarding violations by Legerald BOYD (M/B DOB 3/9/1998) and Rashawn D. BOYD (M/B DOB 10/11/1995) of 18 U.S.C. § 924(c) (use of a firearm during the commission of a crime of violence), 18 U.S.C § 922 (g)(1) (felon in possession of a firearm), 18 U.S.C. § 371 (conspiracy), and 18 U.S.C. § 2119 (2) (carjacking). During the booking process after their arrests, Legerald BOYD provided the phone number of (414)841-5054, and Rashawn BOYD provided the cellular phone number of (414)234-6824.

9. On May 11, 2020, Suspect 1 (later identified as Legerald BOYD, M/B DOB 3/9/1998) purchased a silver over black Taurus model G2C P111 9mm handgun with serial number ABC367236 from Dunham's Sports located at 2550 S. 108th St in the city of West Allis, in the Eastern District of Wisconsin.

10. On May 12, 2020 a Milwaukee Police Department ShotSpotter report showed a shooting incident at 1152 E. Walworth St. in the City of Milwaukee. A 9mm casing was recovered from that scene. However, there were no witnesses, victims, or suspects identified. The casing was entered into the National Integrated Ballistic Information Network (NIBIN), which also contains the Integrated Ballistic Identification System (IBIS). NIBIN and IBIS are an integrated system which examines expended ammunition casings for marks made from cycling through the action of a firearm. These marks are unique to each firearm and examiners are able to match casings from different crime scenes, and also to recovered firearms.

11. On May 14, 2020 Suspect 1 purchased a second firearm: an all black Taurus model G2C serial number ABC439460 9mm handgun from Dunham's Sports located at 2550 S. 108th St in the city of West Allis, Wisconsin.

12. On July 10, 2020, adult male victim Ali Sabri (M/W DOB 07/09/2000), was contacted on Facebook Messenger by a Facebook account named "Gerald." "Gerald" inquired about a Chevrolet Equinox vehicle that Mr. Sabri listed for sale on Facebook Marketplace under the username "Ali Dulami," "Gerald" and Mr. Sabri discussed the sale of the vehicle and ended the conversation without agreeing on a price.

13. The following day, on July 11, 2020, Mr. Sabri was contacted again by Facebook account "Gerald" about the same vehicle. Another discussion commenced and they agreed upon a purchase price for the vehicle. They agreed to meet at the Avenue Wine and Liquor store located at 4075 S. Howell Ave in the City of Milwaukee, WI in the Eastern District of WI for a test drive.

14. Mr. Sabri met with two males, later identified as Legerald Boyd (Suspect 1) and Rashawn D. Boyd (Suspect 2) (M/B DOB 10/11/1995), later that day. It was later determined that Suspect 1 and Suspect 2 are brothers. Mr. Sabri stated Suspect 1 and Suspect 2 had been dropped off at Avenue Wine and Liquor by a third male driving a red or maroon minivan. This male stayed

in the minivan, and Mr. Sabri stated this male had left Avenue Wine and Liquor prior to the completion of the test drive.

15. Mr. Sabri stated that during the test drive, Suspect 1 was driving the vehicle, Suspect 2 was in the rear passenger side seat, and he (Sabri) was in the rear driver side seat. Mr. Sabri stated during the test drive, Suspect 2 presented a silver over black colored handgun and demanded Mr. Sabri's cell phone. Mr. Sabri fled the vehicle and Suspect 2 shot Mr. Sabri in the left hip as Mr. Sabri fled the car. Suspect 1 and Suspect 2 fled in Mr. Sabri's vehicle, which was later reported as stolen by Mr. Sabri.

16. A fired ammunition casing was recovered from the scene. This was entered into NIBIN. At that time there were no correlations to other recovered ammunition casings.

17. After the robbery, Mr. Sabri was interviewed and presented two photo arrays by Milwaukee Police Department detectives. The first array contained a photograph of Suspect 1, and the second contained a photograph of Suspect 2. When shown the first photo array, Mr. Sabri quickly identified Suspect 1 as the person who had shot him. When shown the second photo array Mr. Sabri identified Suspect 2 as being the one who shot him stating "I think this is him, but the hair is different." Mr. Sabri then corrected his statement about Suspect 1, stating Suspect 1 was the one driving the vehicle. Mr. Sabri stated that the males who robbed him looked very similar, and he believed they could have been brothers. After reviewing both of the photo arrays, Mr. Sabri stated that Suspect 2 had been the one who had shot him, while Suspect 1 had been the one driving the vehicle.

18. On August 5, 2020 Milwaukee Police Department Detectives went to the residence of Carmelita Wesley, Suspect 1 and Suspect 2's mother, at 2772 N. 15th St. in the City of Milwaukee. The purpose was to locate Suspect 1 and place him under arrest for his part in the robbery of Mr. Sabri. Carmelita Wesley consented to detectives entering the residence and Suspect

1 was located inside and placed under arrest. While in the house, detectives observed a handgun which was described as an all black Taurus model G2C P111 9mm handgun with serial number ABC439460 in plain view, located in Suspect 1's bedroom on a nightstand. This is the same handgun which Suspect 1 purchased from Dunham's Sports on May 14, 2020. This was collected and later test fired. The ammunition casings were entered into NIBIN. No correlations were found at that time.

19. During the booking process and later interviews, Suspect 1 stated his cellular phone number was (414)841-5054. Based on the statements of Mr. Sabri that he was in contact with Suspect 1 during the period of time immediately prior to the arrival of Suspect 1 and 2 at Avenue Wine and Liquor, it is reasonable to believe that Suspect 1 was in possession of his cellular phone during the commission of the crime.

20. On August 24, 2020 Milwaukee Police Officers observed Mr. Sabri's stolen vehicle being driven on North 20th Street near West Clark Street in the City of Milwaukee, in the Eastern District of WI, and attempted a traffic stop. The driver of the vehicle fled and after a pursuit of approximately 2.1 miles officers were able to stop the vehicle at 3265 N 30th St. in the City of Milwaukee, in the Eastern District of Wisconsin. Suspect 2 was found to be the driver and the front passenger was identified as Harvey Agee (M/B DOB 08/04/1999). Inside the vehicle in the front passenger side door map pocket was a silver over black Taurus G2C 9mm handgun with serial number ABC367236. This is the firearm purchased from Dunham's Sports by Suspect 1 on May 11, 2020.

21. Also found in the vehicle was a bottle of 25 Oxycodone tablets, a second bottle containing two Oxycodone tablets, a clear plastic bag containing suspected marijuana, and a second plastic bag containing suspected marijuana. A field test later confirmed the suspected marijuana contained THC. A total of 27 tablets and 3.35g of marijuana was recovered.

22. The Taurus 9mm handgun with serial number ABC367236 was test fired and the ammunition casings were entered into NIBIN. The test fired casings matched the recovered casing from the May 12, 2020 shooting incident. This is a one day period of time from purchase to crime, and a 106 day time to recovery of the firearm.

23. During the booking process, Suspect 2 provided his phone number of (414)234-6824. Based on the facts of the arrest, Suspect 2 was in possession of his phone during the commission of the crime which occurred on August 24, 2020. Knowing that persons normally travel with their cellular phones, it is reasonable to believe that Suspect 2 was in possession of his phone during the commission of the crime which occurred on July 11, 2020. In addition, the ammunition casing which was recovered at the scene of the shooting on May 11, 2020 matched the handgun found in the vehicle Suspect 2 was driving on August 24, 2020. The cellular phone location data can help identify if Suspect 1 and or Suspect 2 was present during that shooting.

24. A review of Suspect 2's criminal history shows that he is a convicted felon. On June 21, 2018 Suspect 2 was convicted of felony hit and run causing great bodily harm (Milwaukee County Case 2017CF0044441), and felony hit and run causing injury (Milwaukee County Case 2018CF000662). Based on his status as a convicted felon, Suspect 2 is prohibited by law from possessing a firearm under 18 U.S.C. § 922(g)(1). Based on my training and experience, I know that convicted felons often have close friends or family members purchase firearms for them because they legally cannot do so.

25. In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data

identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

26. Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes. At this time the Agent has not sent a preservation request to the Service Provider.

## AUTHORIZATION REQUEST

27. Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

28. I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

29. Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

Records and information associated with the cellular device assigned call number (414)-841-5054 and (414)-234-6824 (referred to herein and in Attachment B as "the Target Cell Phones"), with listed subscriber(s) Legerald BOYD and Rashawn BOYD that is in the custody or control of Sprint Spectrum (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas, 66251.

# ATTACHMENT B

## Particular Things to be Seized

**I.   Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the day of May 12, 2020, the day of July 11, 2020 and the day of August 24, 2020.

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR**; and]

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received)

x. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

xi. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. § 924(c) (use of a firearm during the commission of a crime of violence), 18 U.S.C § 922 (g)(1) (felon in possession of a firearm), and 18 U.S.C. § 2119 (2) (carjacking), involving Legerald BOYD and Rashawn BOYD during the period of May 11, 2020, July 11, 2020 and August 24, 2020.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.